IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAHIM B. MAJID | : | |
| Aka Reginald D. Jackson | : | Civil Action No.  22-382-RGA |
| Plaintiff, | : | |
| | : | |
| V. | : | |

Robert May et, al.

Defendants,

DECEMBER 12, 2022

## AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT, MONEY DAMAGES AND FOR INJUNCTIVE RELIEF

## NO JURY TRIAL DEMANDED

This is a complaint filed by Mr. RAHIM B. MAJID aka Reginald D. Jackson pro se, a state prisoner confined at the James T. Vaughn correctional center in Smyrna Delaware pursuant to federal rules of civil procedure 3, for declaratory judgment, damages, and injunctive relief under 28.U.S.C. 2201, claims of retaliation, due process and equal protection violations of the first and fourteenth amendment of the United States Constitution.

### JURISTICTION AND VENUE

Plaintiff brings this action pursuant to 28 U.S.C. 2201. This court has jurisdiction under 28 U.S.C, 1331 1343 (a) (3). This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. 1367.

SUMMARY OF THE ACTION

RAHIM B. MAJID, aka Reginald D. Jackson pro se, an inmate incarcerated at the James T. Vaughn Correctional center (DOC), at Smyrna, Delaware has been and continues to be subjected to unconstitutional mistreatments by the defendants.

Seeking relief and clarity as to the threshold for 4217 eligibility plaintiff forwarded a letter to the honorable Fred S. Silverman of the Delaware superior court in October of 2014. After Judge Silverman placed forth an order for deputy attorney general Jason Staib to contact DOC to attempt to get a straight answer as to when they (DOC) thinks that plaintiff will be eligible for 11.Del.C.4217 application for sentence reduction, DOC employees has subjected plaintiff to retaliation, equal protection and due process violations.

- Retaliatory order to perfunctorily decide and deny his 4217 at the MDT and IBCC boards, Plaintiff asserts that two boards decided his case in a fraction of a few hours, when it takes up to a few weeks between each boards hearing.

- Knowingly treating plaintiff different from similarly situated inmates namely (Nikkerray Middlebrook) who was eventually granted a 4217 after a ten year struggle with the same actors.

- Harming plaintiff by intentionally preventing him from the direct access to his MDT hearing when in fact inmates who refuse to present themselves to the classification committee will either receive a write up or be threatened with an infraction.

1.    Neither Mr. MAJID's exhaustion of institutional grievance system remedies, nor his efforts through the hand written letters to DOC treatment staff (treatment administrator Stacey Hollis, counselor supervisor Lareeta Edwards, counselor Thongvong, counselor Sanders and classification lieutenant Mark Daum) and upper management (all three wardens Robert May, Natasha Hollingsworth and Phil Parker) or motions to the new judge the honorable Abigail M. LeGrow have been successful in his attempt to have these acts stopped.

2.    Mr. MAJID brings this 1983 civil action for declaratory and injunctive relief. Most immediately, he
seeks preliminary and permanent orders preventing the defendants from retaliatory sabotage of his
4217 for arbitrary, irrational and impermissible reasons, and an order to prevent them from the due
process, retaliation and equal protection violations and an order for damages.

<u>PARTIES</u>

3.    Mr. MAJID is a citizen of the United States and the state of Delaware and at all times relevant to
the events described in this complaint, has been in the custody of DOC at the James T. Vaughn
correctional center in the town of Smyrna, Delaware.

4.    At all times relevant to the events described in this complaint, defendant Robert May was
employed by DOC as warden of at the James T. Vaughn correctional center and he is being sued in
his individual capacity.

5.    At all times relevant to the events described in this complaint, defendant Phil Parker was
employed by DOC as deputy warden at the James T. Vaughn correctional center and he is being
sued in his individual capacity.

6.    At all times relevant to the events described in this complaint, defendant Natasha Hollingsworth
was employed by DOC as deputy warden at the James T. Vaughn correctional center and she is
being sued in her individual capacity.

7.    At all times relevant to the events described in this complaint, defendant Stacey Hollis was
employed by DOC as classification officer II and or treatment administrator at the James T. Vaughn
correctional center and she is being sued in her individual capacity.

8.    At all times relevant to the events described in this complaint, defendant Lareeta Edwards was
employed by DOC as master counselor or counselor supervisor at the James T. Vaughn correctional
center and she is being sued in her individual capacity

9.    At all times relevant to the events described in this complaint, defendant Mark Daum was employed by DOC as classification lieutenant at the James T. Vaughn correctional center, and he is being sued in his individual capacity.

10.    At all times relevant to the events described in this complaint, defendant Katherine Sanders was employed by DOC as counselor or master counselor at the James T. Vaughn correctional center and she is being sued in her individual capacity.

11.    Please allow it to be duly noted and made abundantly clear for the record and this Honorable court that, plaintiff intends for the initial complaint to move forward along with the issues that the Honorable Judge Andrews screened and allowed plaintiff to proceed with. This amended complaint is only intended to amend those claims that plaintiff was permitted to amend, and not to change the issues that he was granted leave to move forward with.

12.    Plaintiff asserts that he is serving a 37 year sentence, 25 yrs for attempted murder 1st degree, 2 years for robbery 1st degree, 3 and 7 years for two counts of possession of a firearm during the commission of a felony with decreasing levels of probation to follow. After serving a minimum of 23 years plaintiff became eligible for 11.DEL.C.4217, the date for his threshold of eligibility was on January 13, 2021 and the DOC treatment staff disqualified plaintiff until the Honorable Abigail M. LeGrow issued an order for the Deputy District Attorney General Gregory Smith to contact DOC to find out why plaintiff is being denied judicial review.

13.    Plaintiff asserts that his threshold for eligibility for 11.DEL.C.4217 was on January 13, 2021. Nine months after the threshold of eligibility for the 4217 Deputy Attorney General Gregory Smith contacted James T. Vaughn Correctional Center treatment administrator Stacey Hollis and advised her to submit plaintiff's 4217.

14.    On October 19, 2021 as stated in Plaintiffs original complaint he was sent to counselors hall (a meeting place for residents and counselors) to discuss his 11.DEL.C.4217 with his fourth counselor in four months Mrs. Katherine Sanders. Upon arrival counselor Sanders informed Plaintiff that she

was instructed by her supervisors Hollis and Edwards to call for him so that she could begin the process of the paperwork for plaintiff's 4217. She informed Plaintiff that she has to get the paper work completed so that she could rush it back to her supervisors (Hollis & Edwards) so that the MDT board can decide the case.

15.     To be abundantly clear for the record and this Honorable court, Plaintiff's 4217 classification was performed and conducted by members of the James T. Vaughn Correctional Center treatment team on *October 19, 2021* by the MDT/ICB and IBCC institutional boards, please see (exhibit A) Delaware Department of Correction classification assignment sheet Where the case was decided by two or three boards in a matter of hours without the presence of the plaintiff at the MDT hearing.

16.     It is well known that it takes weeks if not a few months for a case to make it through a single classification board and for the offender to finally receive the actual activity sheet from the classification that was performed. Plaintiff asserts that for the past twenty four years as a resident at J.T.V.C.C he has not missed a single classification or MDT hearing. As a matter of fact a resident is punished with a write-up and possibly moved to a higher security level for being late, or not attending a classification or MDT hearing.

17.     The very next day on October 20, 2021 plaintiff was called from his job to report to the search room (a meeting place) to pick up legal mail. To plaintiff's surprise it was a letter from Deputy Attorney General Greg Smith informing plaintiff and the Honorable Abigail M. LeGrow that the DOC had decided Plaintiff's case and has voted 0 in favor and 2 against judicial review and that it be decided by the  ("IBCB') for decision next, please see exhibit B( letter from DAG Smith).

18.     On October 28, 2021 Plaintiff received his classification assignment sheet and to his surprise, treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards had plaintiff's 4217 heard by two or possibly three boards on the same date and called the DAG seconds after the hearings were conducted to inform him of the outcome, as evidenced by his letter written to plaintiff and the Honorable Abigail M. LeGrow informing that DOC conducted the hearing. What's obvious is the fact that while the hearings were being conducted DAG Smith was typing letters showing that he was well aware of the outcome while the outcome was actually taking place. The classification assignment sheet with the two boards (MDT & IBCB) hearings are dated the same date as DAG Smiths letter dated October 20, 2021, please see exhibits A and B.

## This is plaintiff's amended complaint

19.     Warden Robert May, deputy warden Phil Parker, and deputy warden Natasha Hollingsworth are being sued in their individual capacities to the extent that plaintiff does not seek money damages, only declaratory order. They are being sued for failure to train, monitor and assure that their subordinates are educated in statutes, policies and procedures to the extent that they know their duties and job description so that they are suited in aiding and assisting their clients with their required needs.

20.     On January 13, 2021 plaintiff became eligible for 11.DEL.C.4217 and because plaintiff took court action to have clarified to the J.T.V.C.C treatment team staff members of his threshold time of eligibility they retaliated against him by disqualifying him, arranged his status sheet to make an attempt to make it appear that he is serving mandatory sentences, manipulating his LSRI/RNR risk assessment score amongst many other things to sabotage his opportunity for judicial review.

21.     On May 13, 2021 plaintiff was classified for his yearly annual review(five months after his threshold time for eligibility) for the 4217, classification is the only time that a resident is screened for the purpose of having a 4217 placed in on their behalf.

22.     Plaintiff submitted hand written letters to all his present and former counselors, counselor supervisor Lareeta Edwards, treatment administrator Stacey Hollis, all three wardens( May, Parker and Hollingsworth), commissioner of corrections, Bureau chief and grievances, all to no avail. Dates of letters, grievances and to whom they were sent are all outlined in the initial filing of the complaint.

23.     Plaintiff asserts that he sent a hand written letter to warden May on May 24th, 2021 and had a personal conversation with him in W-building (the building that plaintiff is housed in) during the first week of June 2021. Warden May made it abundantly clear that he was not getting involved with the

discussion for the 4217 and that plaintiff had nothing coming and that he should attempt again in a couple years). Warden May made it clear that it was of no concern to him that his treatment staff was in direct violation of statutes, institutional policies, retaliating against plaintiff and in direct violation of plaintiff's equal protection and due process rights.

24.    Warden Robert May as the warden of the James T. Vaughn correctional institution has a duty and obligation to assure that his subordinates are doing their Jobs and not trampling upon offenders rights.

25.    Defendant Robert May has authority over all the staff members who are employed at J.T.V.C.C including treatment team figureheads Stacey Hollis and Lareeta Edwards.

26.    The conduct of defendant Robert May's subordinates include retaliation, equal protection and due process violations for not affording plaintiff Multi-purpose disciplinary (MDT) hearing.

27.    Defendant Robert May (warden) has actual knowledge of the violations because of plaintiff's appeal, grievances, personal letters and conversations that plaintiff had with him.

28.    As to each violation and based on the facts in the foregoing paragraphs in this complaint, Defendant May failed to stop the violations and further conveyed his acquiescence to his subordinates –for example saying " I'm rolling in whatever direction my treatment team is rolling in and further saying that you obviously have nothing coming and you should try again in a couple years.

29.    Based on the timing and conduct, due process, equal protection violations, retaliation, the comments of Warden May's subordinates explaining the purpose of the actions, defendant Robert May's own statements and demeanor when discussing Mr. MAJID, Defendant Robert May acquiesced to the aforementioned conduct because of Mr. MAJID's exercise of his legal rights.

30.    Defendant Natasha Hollingsworth as deputy warden at the James T. Vaughn correctional center has authority over the entire treatment staff including treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards.

31.   The conduct of deputy warden Natasha Hollingsworth's subordinates include retaliation, equal protection and due process violations for not affording plaintiff a multi-purpose disciplinary(MDT) hearing because he exercised his right to grieve and petition the court for redress.

32.   Defendant deputy warden Hollingsworth had actual knowledge of these violations because of a written letter submitted on July 27, 2021 addressed to her and grievances plaintiff submitted and the direct conversations plaintiff had with her.

33.   As to each violation, and based on the allegations in the foregoing paragraph of this complaint, defendant deputy warden Hollingsworth failure to stop these violations conveyed her acquiescence to her subordinates.

34.   Based on the timing and conduct, retaliation, due process and equal protection violations, the comments of Hollingsworth subordinates explaining the purpose of the actions, her demeanor, defendant Hollingsworth acquiesced to the aforementioned conduct because of Mr. MAJID's exercise of his legal rights.

35.   Defendant deputy warden Parker has authority over the entire treatment staff including treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards.

36.   The conduct of deputy warden Parker's subordinates includes retaliation, equal protection and due process violations for denying plaintiff a multi-purpose disciplinary (MDT) hearing.

37.   Defendant deputy warden Parker had actual knowledge of the violations because of the hand written letter to him on July 16, 2021 and the grievances plaintiff filed.

38.   As to each violation and based on the alleged acts in the foregoing paragraph of this complaint, defendant Parker failed  to stop the violations and further conveyed his acquiescence to his subordinates.

39.   Based on the timing and conduct of retaliation, due process and equal protection violations, the comments of deputy warden Parker's subordinates explaining the purpose of the actions, his demeanor, defendant Parker acquiesced to the aforementioned conduct because of Mr. MAJID's exercise of his legal rights

40.     Mark Daum is being sued in his individual capacity for due process violation.

41.     Defendant Mark Daum was and remains the James T. Vaughn correctional centers security officer in charge of over-seeing and making major decisions on the floor at a multi-purpose disciplinary team (MDT) meeting/hearing.

42.     Plaintiff asserts that at his May 13, 2021 classification Lieutenant Mark Daum was not present in order so that he could facilitate his 4217 as he should have. Plaintiff had a low level staff member in SGT. Ebwele and master counselor Foraker decided not to initiate plaintiff's 11.DEL.C.4217 TIS modification under the direct order from treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards. They decided to disqualify plaintiff, forcing him to write his Delaware Superior court Judge the Honorable Abigail M. LeGrow.

43.     The bureau of prison policy BOP has placed forth its policy 3.32 that holds in pertinent part "offenders will be examined once every other year and will determine whether or not they are eligible for the 4217. The policy has what it refers to as its *mandatory check list*.

44.     This mandatory check list is like a real test meaning that if you don't pass you don't move forward. The inmate reference manual and the Delaware president case has specifically the James T. Vaughn correctional centers *policies* are to be taken like a statute inside of this institution.

45.     Plaintiff asserts that it is the duty of classification correctional officer Lieutenant Mark Daum as the J.T.V.C.C classification officer to assure that offenders are given the due process of being afforded a real MDT hearing so that an offender can supply the board members with the supporting documentation and facts in support of their position so that a fair hearing is rendered.

46.     On October 19, 2021 while plaintiff's 11.DEL.C.4217 was being prepared by members of the treatment staff, defendant Mark Daum did not assure that plaintiff was afforded his due process right of being present at his multi-purpose disciplinary (MDT) hearing/meeting.

47.     Katherine Sanders is being sued in her individual capacity for retaliation and 14th amendment procedural due process violation for not affording plaintiff multi-purpose disciplinary (MDT) hearing, because plaintiff grieved, wrote letters and petitioned the Delaware superior court to clarify his 11.DEL.C.4217 eligibility.

48.   On October 19, 2021 defendant counselor Katherine Sanders knowingly followed the orders of her supervisors and denied plaintiff his procedural due process right to be present at his MDT hearing to provide board members with the detailed information that was needed to render a fair and impartial decision on plaintiff's behalf.

49.   Plaintiff asserts that he first wrote his DOC counselor Thongvong (better Known as counselor T.) in March 2021 requesting a meeting to discuss his 11.DEL.C.4217.

50.   Plaintiff received a letter from counselor T informing plaintiff that his 4217 will be discussed at his up-coming April classification which got pushed back to May 2021 due to the explosion of the Covid-19 pandemic at J.T.V.C.C.

51.   While plaintiff was awaiting his meeting with counselor Thongvong to discuss the 4217, treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards was changing plaintiff's counselor to the newly inserted Katherine Sanders.

52.   After meeting with counselor Sanders on April 12, 2021 at counselor hall, counselor Sanders informed plaintiff that she was his new counselor and after looking over plaintiff's sentence she found that plaintiff will qualify for 4217 at his May 2021 classification.

53.   Days after meeting with counselor Sanders, plaintiff forwarded her a letter seeking to meet with her before the May 2021 classification. In Mid April counselor Sanders wrote plaintiff informing him that she had misinformed him and that he will not qualify for the 4217 due to not meeting the mandatory minimum for the four felonies that he is serving time for.

54.   On April 29, 2021 plaintiff met with counselor Sanders and issued her a copy of the letter dated July 1, 2014 showing her the agreement that the Department of corrections and deputy attorney general (DAG&DOC) Jason Staib agreed upon that plaintiff would qualify for 4217 on January 13, 2021.

55.   Counselor Sanders looked at plaintiff and informed him that he was being disqualified because of not meeting the mandatory minimum for the felonies, having a conviction for a class (A) felony and for writing grievances and taking court action against DOC.

56.   May 13, 2021 plaintiff was classified by master counselor Foraker and staff SGT. EBWELE in W-building to remain in minimum status, continue work and to complete alternative to violence program.

57.   When plaintiff questioned what the issue was with his 4217, Foraker responded by saying "that madness is between you, Hollis and Edwards.

58.   Upon learning that the commission was going to double down on their word, plaintiff wrote a letter to the Honorable Abigail M. LeGrow (His new superior court Judge) seeking her assistance in clarifying to DOC the nature in which his sentence is to be carried out and to clarify to DOC that he was not disqualified from 11.DEL.C.4217.

59.   April 29, 2021 the Honorable Abigail M. LeGrow issued an order for DAG Gregory Smith to investigate why DOC is disqualifying plaintiff from the 4217 and to please inform her as to whether or not it is due to not meeting the mandatory minimum or to the nature in which his sentence is to be carried out.

60.   October 19, 2021 plaintiff was called from his job site to meet with counselor Sanders at counselor hall (a meeting place for offenders to meet with their counselor) so that she could inform plaintiff that she will be putting in his 4217 after being ordered to do so by her supervisors.

61.   Counselor Sanders was not pleased with the fact that she was ordered to meet with plaintiff to prepare the paperwork for his 4217. Counselor Sanders was reluctant to speak at length with plaintiff and refused to add all of his accomplishments in reference to his full programming, work and education history, while rushing to complete so that she could report back to her supervisors.

62.   Counselor Sanders refused to vote in plaintiff's favor, sabotaged plaintiff's 4217 by not including all relevant documentation, refused to allow plaintiff to accompany her to the administration building so that plaintiff could be present at his MDT hearing, all in retaliation for plaintiff exercising his right to grieve and petition the court for clarity and redress.

63.    It is a counselors position to support her client in every single way possible especially with the compilation of important documents when knowing all too well that plaintiff did in fact qualify, counselor Sanders went out of her way to make every attempt at lying and deceiving her client into the belief that he was disqualified, in retaliation because he exercised his legal rights.

64.    Katherine Sanders is a counselor at the James T. Vaughn correctional center and is employed by DOC. As a counselor she is supposed to have six months experience in statutes, Laws, rules, policies and procedures when it comes to carrying out her job functions and duties as a counselor at J.T.V.C.C. Counselor Sanders followed the instructions of her supervisors and disqualified plaintiff from 11.DEL.C.4217 judicial review, when she knew or was supposed to know that plaintiff did in fact qualify.

65.    From April 2021 until October 20, 2021 counselor Sanders was appointed as plaintiff's DOC counselor and responsible for taking care of all Mr. MAJID's DOC affairs. Counselor Sanders arbitrarily decided plaintiff's 4217 by following the orders of her supervisor's treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards in support of their position to disqualify plaintiff, in retaliation for exercising his rights.

66.    As for each violation and based on the facts alleged in the foregoing paragraph of this complaint, defendant Sanders knowingly participated in carrying out the orders and directives of her supervisors and failed to stop the violations and further conveyed the acquiescence to her supervisors.

67.    Based on the timing and conduct of the retaliation and due process violations, the comments of Sanders explaining the purpose of the actions, her demeanor, defendant Sanders carried out the orders and directives of her supervisors and acquiesced to the conduct because of Mr. MAJID's exercise of his legal rights.

68.    Plaintiff asserts that the defendant's treatment administrator Stacey Hollis, counselor supervisor Lareeta Edwards, classification lieutenant Mark Daum and counselor Katherine Sanders violated his fourteenth amendment right to equal protection and to be treated similar to those in a "class of one". These defendant's are being sued in their individual capacities.

69.  Plaintiff asserts that in 1997 Nikkeray Middlebrook was tried and convicted of attempted murder (25 yrs) 1st degree (1 count), assault 1st degree (1 count) and 2 counts of possession of a firearm during the commission of a felony. On June 12, 1998 the honorable Fred S. Silverman of the Delaware superior court sentenced him to 37 years with decreasing levels of probation to follow.

70.  Plaintiff RAHIM B. MAJID went to trial and was convicted on February 18, 1999 for attempted murder 1st degree(25 yrs) (1 count) robbery 1st degree and two counts of possession of a firearm during the commission of a felony.

71.  April 23, 1999 The honorable Fred S. Silverman of the Delaware superior court sentenced plaintiff to the very same sentence as Middlebrook, 37 years with decreasing levels of probation to follow.

72.  July 2012, the Delaware superior court reduced Middlebrook's sentence for attempted murder 1st degree from 25 years to 22 yrs 4 months IN96-09-1119. The honorable Fred S. Silverman communicated with the department of corrections and the department of justice and determined that due to the length of time that has passed and the seriousness of the crime that it is best fit that defendant seeks further relief through 11.DEL.C.4217.

73.  Plaintiff sent a modification to the Delaware superior court on October 8, 2013 seeking to have his sentence modified, responding to the motion the honorable Fred S. Silverman responded "this is a case for 11.Del.C.4217, when defendant was sentenced he was a dangerous and violent young man, now the court does not know how defendant has been affected by the passage of time, DOC knows about that. So, if defendant wants sentence reduction he must use 4217".

74.  After speaking with counselor Johnson in November 2013 plaintiff was advised that his supervisor is reluctant to speak with plaintiff regarding a 4217, so plaintiff wrote a letter back to the Delaware superior court explaining that DOC is not giving plaintiff a date in which it will stick with regarding his request for the 4217.

75.  The honorable Fred S. Silverman sent an order to deputy attorney general Mr. Jason Staib on June 20, 2014 requesting that he contact DOC in order to have his sentence calculated to determine when plaintiff will be eligible for 11.DEL.C.4217. July 1, 2014 after DOC and DOJ calculated plaintiff's sentence it was determined that the threshold for eligibility would be January 13, 2021.

76.    Nikkerray Middlebrook went before his DOC counselor November 2017 for his annual yearly classification seeking 4217 and his DOC counselor advised him that he was disqualified due to the class (A) felony conviction. Again, in November 2018 Nikkerray Middlebrook requested 4217 and his DOC counselor explained that under its Bureau of prison policy BOP 3.32 his possession of a firearm during the commission of a felony (title 11.DEL.1447A) convictions are deemed a mandatory minimum 5 years each for an aggregate of ten years mandatory.

77.    When plaintiff went to see his counselor Mrs. Sanders on April 12, 2021, she informed plaintiff that his robbery 1st and two counts of possession of a firearm during the commission of a felony will be a mandatory five years for each of the aforementioned charges per DOC's BOP policy 3.32, meaning that plaintiff would have to serve a mandatory 30 year sentence when counting the 15 years for the attempted murder sentence. In reality after plaintiff serves 30 years his sentence will be complete and will be in no need of a 4217.

78.    At Middlebrooks sentence review hearing on November 1, 2013 the honorable Fred S. Silverman cautioned DOC that blindly adhering to an internal policy that excludes his offenses from sentence modification opposite statutory authority may very well be an unwarranted intrusion into the judicial process and in excess of DOC discretion.

79.    In 2019 Middlebrook wrote a modification to the honorable Abigail M. LeGrow seeking reduction of sentence because DOC was arbitrarily and capriciously deciding his case, denying him for judicial review every time that it was requested.

80.    The honorable Abigail M. LeGrow sent an order for the deputy attorney general Gregory Smith to contact DOC and find out why they are denying Mr. Middlebrook from judicial review. DOC in turn responded by putting in the 4217 and the honorable Abigail M. LeGrow granted that motion and ultimately modified the sentence to six months level 4 and a year level 3.

81.    Like Middlebrook, when plaintiff was denied the process of a 4217 he wrote a motion to the honorable Abigail M. LeGrow requesting to clarify to DOC that he was in fact eligible for the 4217. Judge LeGrow sent an order for (DAG) Gregory Smith to contact DOC to find out why DOC is disqualifying plaintiff form the 4217.

82.    When DAG Gregory Smith contacted DOC upper management (treatment administrator Stacey Hollis, counselor supervisor Lareeta Edwards, lieutenant Mark Daum and counselor Sanders doubled down on their promise and arbitrarily and capriciously had the 4217 sabotaged and denied in retaliation for writing to his judge staying committed to its BOP policy 3.32, elevating plaintiff's time for the two PFDCF charges and the one robbery for five years each, and further sticking to their position of disqualification because of the class (A) felony conviction.

83.    To be clear, counselor Sanders informed plaintiff that due to their BOP policy that plaintiff has to serve five and five for his two counts of PFDCF charges and five years for robbery 1st degree when plaintiff doesn't even have that much time for those charges in the first place. The DOC has made an unlawful intrusion into the judicial process and continues to harm plaintiff by arbitrarily and capriciously denying the 4217 for impermissible reasons.

84.    Plaintiff asserts that he is similarly situated to Nikkerray Middlebrook with the conviction of attempted murder 1st degree (class A felony), two counts of PFDCF and the sentence of 37 years by the Honorable Fred S. Silverman of the Delaware superior court.

85.    Middlebrook served a total of 24 years and plaintiff is now concluding his 25th year of incarceration on January 13, 2023. Like Middlebrook, plaintiff petitioned the Delaware superior court to be assisted with clarifying to DOC that he was in fact not disqualified due to a class (A) felony conviction and to further explain that DOC, (specifically treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards continue to have his Judicial review denied for arbitrary and capricious and impermissible reasons thereby disqualifying them both from the process.

86.    Like Middlebrook, plaintiff participated in and completed all groups, treatment and educational programs that J.T.V.C.C has to offer while at the same time maintaining employment just as Middlebrook has throughout his incarceration.

87.    Plaintiff has been in minimum security and has maintained employment for the last four years just as Middlebrook had when he was granted 11.DEL.C.4217 in 2020.

88.    Plaintiff asserts that he and Middlebrook are alike in every single relevant aspect and that the defendants treated plaintiff different for arbitrary and irrational reasons in retaliation for filing grievances and writing complaints to the Delaware superior court to clarify his threshold for eligibility for his 11.DEL.C.4217.

89.    Plaintiff asserts in relation to counts III and IV (retaliation) that he erroneously cited the 5th amendment when in fact it was his intention to cite the 14th amendment to the United States constitution. Plaintiff respectfully request for this honorable court to allow him to proceed forward with those two counts rather than to dismiss them for an error.

90.    Plaintiff also respectfully request for this honorable court to reconsider his due process claim in reference to the BOP policy, rather than dismissing it.

91.    These BOP policies contain mandatory language such as must, will, shall and should. In the United States district court of Delaware (Anderson V. Redman 429 F.supp.1105; 1997 U.S. District. Lexus 17328, the court ruled that where policies provide mandatory language, those policies have the same enforcement effect as statutes.

92.    The set of rules adopted by DCC pursuant to the settlement and 11.DEL.C.6535-36 has become known as the inmate reference manual (IRM). 37 the IRM together with the numerous statutory provisions impose rather specific requirements on the operation of DCC. To the extent the IRM contains mandatory language it has the same effect as a statute, see Jenkins V. Keve C.A. 74-191 and Davidson V. Keve C.A. 74-119 (D. Del. Sept. 20, 1974) Anderson V. Redman, 429 F. supp 1105, 1118.

93.    In BOP policy 3.3 pg #3 paragraph 4 it says "to the extent possible and practical, the offender should be present for classification and reclassification meetings at the ICB and MDT levels, or otherwise encouraged to participate in the discussion and planning process. After a thorough discussion of all relevant information, a vote will be conducted (the offender need not be present for the voting process). All recommendations made by the MDT, ICB and IBCC are carefully documented and submitted to the next committee or board in accordance with established procedures. The offender must be advised of the decision in person or in writing.

94.    Plaintiff asserts as of his writing of this document he has still not been made aware as to why his
October 19, 2021 4217 was denied. Plaintiff asserts per the BOP policy he was supposed to be made
aware either in person or in writing. Plaintiff has only been made aware prior to his 4217 being
submitted that he was being disqualified due to the class (A) felony, for writing his judge, because
he hasn't served the minimum of 30 years per its DOC BOP 3.32 and because DOC does not support
violent offenders for 4217 recommendation.

95.  Plaintiff asserts that he has met the standards to proceed with counts( one and two)right to
petition and right of access to court and the due process and that these actors chilled him from the
moment of eligibility on the date of January 13, 2021 all the way until his May 13, 2021
classification. Plaintiff remained patient and chilled for those four months while awaiting his
opportunity for judicial review. Not only have they chilled plaintiff for a period of four months but
they have chilled the entire population of inmates when they became aware of how plaintiff was
being mistreated while seeking 4217.


## AMENDED SUPERVISORY POSITION CLAIM

(DEFENDANTS ROBERT MAY, PHIL PARKER AND NATASHA HOLLINGSWORTH IN THEIR SUPERVISORY
ROLES AND POSITIONS)

96.    The defendants failed to train, supervise and cure the misconduct of their subordinate's
retaliatory actions, equal protection and due process violations against the plaintiff of which had
nothing to do with advancing legitimate penological goals of the institution such as preserving the
good order of the prison and institutional discipline or security.

97.    Defendants May, Parker and Hollingsworth allowed their subordinates to take adverse action
against plaintiff when they retaliated against him and violated his due process and equal protection
rights when he attempted to have clarified his threshold for eligibility his opportunity for
11.DEL.C.4217 judicial review.

98.   Mr. MAJID incorporates by reference the forgoing paragraph of this complaint.

99.   The actions of these defendants as described herein, include but is not limited to retaliation, due process and equal protection violations injuring plaintiff by disqualifying him from 11.DEL.C.4217 because he exercised his right to grieve and petition the court for redress, seeking to clarify to Hollis and Edwards that he was not disqualified because of a class (A) felony conviction. The defendants done absolutely nothing when plaintiff made them aware of the actions of their subordinates. While acting under the color of state law these defendants by turning a blind eye deprived Mr. MAJID of securities, rights, privileges, liberties and immunities secured by the constitution of the United States including his rights guaranteed by the 1st and fourteenth amendment.

## AMENDED RETALIATION COUNT III

(Pursuant to 28 U.S.C.1983 ) RETALIATION

(Defendants Mark Daum and Katherine Sanders)

100.   Mr. MAJID hereby incorporates by reference the forgoing paragraphs of this complaint.

101.   By these defendants actions as alleged in and describe in this complaint following their supervisors orders retaliating against Mr. MAJID and or acquiesced in furthering such retaliatory acts for his legal activities, defendants violated Mr. MAJID's first amended right as applied to the states through the fourteenth Amendment.

## AMENDED RETALIATION COUNT IV

DELAWARE, CONSTITUTION, ARTICLE. 1 SECTION 9 & SECTION.16: RETALIATION

(Defendants Mark Daum and Katherine Sanders)

102.   Mr. MAJID hereby incorporates by reference the forgoing paragraph of this complaint.

103.   By their actions as alleged and described in this complaint these defendants retaliated against Mr. MAJID and or acquiesced in furthering such retaliatory acts for his legal activities, defendants violated Mr. MAJID's rights to petition and file grievances for redress seeking legal remedies as protected by the Delaware Constitution.

104.   The defendant's knowingly and intentionally prevented plaintiff from being present at his MDT hearing systematically having the application stopped at its MDT institutional classification level.

105.   The defendant's conduct violates article I section 9 of the Delaware Constitution.

## AMENDED COUNT VII

FOURTEENTH AMENDMENT (U.S.C. 1983) EQUAL PROTECTON
(DEFENDANTS STACEY HOLLIS, LAREETA EDWARDS, MARK DAUM AND KATHERINE SANDERS)

106.   Mr. MAJID hereby incorporates by reference the forgoing paragraphs of this complaint.

107.    Mr. MAJID has been and continues to be treated differently than similarly situated offenders ("class of one") by these defendants because he has a class (A) felony conviction, because plaintiff practiced his first Amendment right to file grievances and to petition the court for redress and in retaliation for the grievances and the petitions.

108.   Plaintiff asserts that he is in a "class of one" and similar to Mr. Nikkerray Middlebrook in all aspects.

109.   The actions of these defendants, as described herein, while acting under the color of state law, has deprived Mr. MAJID of his rights to the equal protection of the law, in violation of the fourteenth amendment.

## PRAYER FOR RELIEF

Wherefore, plaintiff RAHIM B. MAJID respectfully request that this honorable court enter a judgment in his favor and against the defendants and that this court further:

A. Declare that the acts set forth herein are in violation of Mr. MAJID's right under the United States and the constitution of Delaware.

B. Order appropriate declaratory and injunctive relief, including appropriate orders directing (1) that DOC treatment staff, specifically treatment administrator Stacey Hollis and counselor supervisor Lareeta Edwards to stay clear of plaintiff's documentation, voting and overseeing his next 4217 in 2023, plaintiff further request orders for an MDT hearing from a board of his choice, be they retired former counselors, counselors from Howard R. Young or Sussex correctional institution, another states parole board or the parole board of the state of Delaware;(2) that DOC treatment team stop applying the custom and impermissible policy that disqualifies class (A) felons;(3) that plaintiff be afforded his protected due process of being present at the MDT hearing;(4) that when deciding plaintiff's next 4217 in 2023 that the treatment staff strictly follow it's BOP policy 3.32 after firstly following 11.DEL.C.4217 statute;(5) that the 4217 get presented to the Delaware board of parole for recommendation;(6) and to order a temporary restraining order to the extent that Hollis and Edwards be prevented from being involved in any decision that involves Mr. MAJID's classification, treatment and application for relief.

C. Award Mr. MAJID nominal and compensatory damages to the extent damages are permitted.

D. Award Mr. MAJID attorney fees to the extent of the many hours and days that he has spent litigating this complaint, expenses and the cost associated with this action under 42 U.S.C. 1983 and as otherwise allowed by law;

E. And please grant Mr. MAJID any other relief that this court deems just and appropriate.

RAHIM B. MAJID

J.T.V.C.C

Sbi # 00265211

1181 paddock road

Smyrna, de 19977

December 7, 2022

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true,

except as to those matters alleged on information and belief, and as to those I believe to be

true. In the town of Smyrna and the state of Delaware I certify under the penalty of perjury that

the foregoing is true and correct.


December 7, 2022


Mr. RAHIM B. MAJID

Sbi # 00265211

J.T.V.C.C

1181 paddock Road

Smyrna, De 19977


## Certificate of service

21

I, RAHIM B. MAJID, certify under penalty of perjury that I have placed a copy of my amended complaint on E-file to the District court of Delaware at the law library at the James T. Vaughn correctional center in Smyrna Delaware.

Respectfully submitted,

December 7, 2022

RAHIM B. MAJID
Sbi # 00265211
J.T.V.C.C
1181 paddock road
Smyrna Delaware, 19977

22